# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NESTOR LEON, | ) |
|         Petitioner, | ) |
| vs. | )   NO. CIV-21-0122-HE |
| S.R. GRANT, | ) |
|         Respondent. | ) |

## ORDER

    Petitioner Nestor Leon, a federal prisoner, filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that a disciplinary conviction violated his constitutional rights when he lost good-time credits as well as visitation and commissary privileges. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings. After reviewing the petition, Judge Erwin ordered the government to respond to the petition. Judge Erwin has now issued a Report and Recommendation recommending that the petition be denied. Petitioner has objected to the Report, which triggers *de novo* review of matters to which objection has been made.[1]

    Much of petitioner's objection to the Report repeats his earlier arguments that he was denied due process when he was denied the right to view videotape evidence which was used as part of his disciplinary proceedings. The Report correctly addresses

---

[1] Petitioner's objection is directed solely at the Report's conclusions addressing Ground One of his petition.

petitioner's arguments regarding the use of the videotape in its sufficiency of the evidence and procedural due process evaluations. Petitioner's reliance on <u>Crosby v. Fox</u>, 757 Fed. Appx. 673 (10th Cir. 2018) is misplaced. As noted in that case, a prisoner's due process rights are not violated when he or she is denied the opportunity to personally view video evidence used in a disciplinary proceeding. *Id.* at 678. And as in <u>Crosby</u>, even if petitioner's due process rights were violated when he was denied the opportunity to view the video evidence, any such error was harmless because the disciplinary decision against him was adequately supported by other evidence.

After *de novo* review, the court concludes that the evidence considered was sufficient to support the hearing officer's findings and that petitioner's due process rights were not violated. Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #17]. The petition for habeas corpus [Doc. #1] is **DENIED**. The court also concludes that a certificate of appealability should not issue because petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 28th day of October, 2021.

JOE HEATON
UNITED STATES DISTRICT JUDGE